IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| JOHN L. HAWKES, JR., | ) | Cause No. CV 06-21-H-DWM-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| SECURITY MAJOR TOM WOOD; | ) | |
| DIRECTOR BILL SLAUGHTER; | ) | |
| UNKNOWN DEFENDANTS 1 & 2; | ) | |
| JASON NELSON; and UNKNOWN | ) | |
| TRANSPORT OFFICERS 1 & 2, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On May 8, 2006, Plaintiff John Hawkes filed this action under
42 U.S.C. § 1983.  Hawkes is a state prisoner proceeding *pro se.*

**I. Preliminary Screening**

Pursuant to the federal statutes governing proceedings *in
forma pauperis* and proceedings by prisoners, federal courts must
engage in a preliminary screening of cases to assess the merits of
the claims.  28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. §
1997e(c)(1); Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000)
(en banc).  The court must identify cognizable claims, or dismiss
the complaint, or any portion of the complaint, if the complaint is
frivolous, malicious, or fails to state a claim upon which relief

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1).

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. Lopez, 203 F.3d at 1127. The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." Id. (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)). Additionally, the courts must liberally construe pro se pleadings. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## II. Hawkes's Allegations

Hawkes was discharged from Montana State Prison on May 12, 2003. He was released to the custody of the State of Nebraska. Hawkes contends that, on the day of his discharge, he was ordered to submit a "Special Mailing Request" so that his legal papers and personal property could be sent to his mother in Wyoming. He did so. However, his mother did not receive his property. After she made inquiries with Defendant Wood, she was informed that Hawkes's

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

legal work and personal property had been destroyed.   See Compl. (Court's doc. 1) at 4-5.

At Woods's suggestion, Hawkes wrote to Defendant Nelson of the Department of Corrections' Legal Department, who stated that he was investigating Hawkes's claim.  When Hawkes later contacted Nelson to learn the result of the investigation, Nelson would not tell him anything and "claimed he was not authorized to disclose information concerning the facts of his investigation."  Id. at 5-6.

Hawkes explains that among his legal work were receipts for property that had been confiscated as stolen property, damages estimates for use in a civil case, unidentified evidence for use in postconviction proceedings, and unidentified evidence for use in a lawsuit Hawkes was planning to file against Anaconda-Deer Lodge County for failure to provide medical treatment while he was detained in custody there.   Id. at 7-8.  His personal property included horsehair key fobs and hatbands, a television, and family cards, photographs, and contact information.   Id. at 8.

Hawkes states that he filed a claim with the Montana Tort Claims Division on November 13, 2003, and, after getting no response, he filed an action in state court on July 26, 2004.  He states that he has heard nothing on those matters since filing. Id. at 6-7.

For his relief, Hawkes seeks compensatory and punitive damages, costs of suit, and such other relief as the Court may deem

appropriate.  Id. at 9.

## III. Analysis

Hawkes's Complaint could be construed in three different ways. First, it could be construed to claim that he was deprived of an interest in property without due process.  Second, as to the destruction of his legal materials only, the Complaint could be construed to claim a deprivation of due process based on the destruction of exculpatory evidence.  Third, again as to only his legal materials, the Complaint could be construed to claim that he was deprived of his right of access to the courts.

### A. Property Deprivation

Hawkes does not speculate as to whether the persons who destroyed his property did so negligently or intentionally. However, 42 U.S.C. § 1983 does not provide a cause of action for acts of negligence.  See Daniels v. Williams, 474 U.S. 327, 328, 332-33 (1986).  As to intentional acts, a state official's unauthorized taking of property under color of state law does not violate the Constitution if the State provides an adequate remedy for the deprivation.  See Zinermon v. Burch, 494 U.S. 113, 129-130 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).

The Montana Tort Claims Act provides an adequate post-deprivation remedy.  Mont. Code Ann. § 2-9-102 provides, in pertinent part, that "[e]very governmental entity is subject to

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

liability for its torts and those of its employees acting within the scope of their employment or duties."[1]  Mont. Code Ann. § 2-9-101(1) (2001) provides:

> "Claim" means any claim against [the State], for money damages only, which any person is legally entitled to recover as damages because of personal injury or property damage caused by a ... wrongful act or omission committed by any [state] employee of the governmental entity while acting within the scope of his employment, under circumstances where the [State], if a private person, would be liable to the claimant for such damages.

The "prisoner exemption" of Mont. Code Ann. § 2-9-108(2) does not apply to intentional torts; the State remains liable for them, if a private person would be liable and if the intentional tort is committed within the course and scope of employment.  Id.  To the extent the employees act outside the scope of their employment, they remain subject to liability themselves.

No exception to the post-deprivation remedy rule applies in this case.  The fact that Hawkes did not receive a response to his claim does not open the door for this Court to entertain an action under § 1983.  The Act allows Hawkes certain remedies in state court.  See Mont. Code Ann. § 2-9-311 (2001).  If the state court does not act as Hawkes believes it should, his remedy lies in higher state courts, not in this Court.  Additionally, while the

---

[1]  The possibility that other factors, such as a statute of limitations, may intervene between a litigant and his recovery does not alter the fact that the Montana Tort Claims Act provides all the process that is constitutionally due.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

post-deprivation remedy rule "does not apply where deprivation is predictable, pre-deprivation process is not impossible, and the defendants are specifically charged with the authority to effect the deprivation charged," <u>Armendiaz v. Penman</u>, 31 F.3d 860, 866 (9th Cir. 1994) (citing <u>Zinermon</u>, 494 U.S. at 137-38),[2] Hawkes's pleading shows that these criteria are not met.  It is generally foreseeable that inmates' property, like anyone else's, might be damaged or lost while it is being transported from one location to another,[3] but it is not foreseeable that property officers would *intentionally destroy* inmates' property after they have promised to mail it out.  For the same reason, a pre-deprivation process would have been impossible; Hawkes does not claim that a reasonable person would have known that the "Special Mailing Request" would result in unauthorized control over his property.  The <u>Armendiaz</u> criteria are not met, and the post-deprivation remedy rule applies in this case.  Hawkes cannot state a claim under the due process clause for loss of his property.

**B. Due Process Right to Exculpatory Evidence**

Assuming that the property in question possessed some

---

[2] <u>Armendiaz</u> was vacated in part on rehearing en banc.  <u>See</u> <u>Armendiaz</u>, 75 F.3d 1311 (9th Cir. 1996).  However, the portion of the opinion relied on here remains good law.

[3] If Hawkes' property was negligently lost, then he has no remedy under 42 U.S.C. § 1983.  <u>See</u> <u>Daniels</u>, 474 U.S. at 328, 332-33.

exculpatory value, Hawkes might be able to state a claim for violation of his due process right to present evidence in a judicial proceeding.   However, an officer's failure to preserve exculpatory evidence does not violate the Fourteenth Amendment unless the officer acted in bad faith.  "The presence or absence of bad faith ... turn[s] on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Cunningham v. Perez, 345 F.3d 802, 812 (9th Cir. 2003) (quoting Arizona v. Youngblood, 488 U.S. 51, 57 (1988)).

The element of bad faith sets a very high standard for a plaintiff to meet.   In Cunningham, an officer failed to keep records of his interviews with witnesses who denied that Cunningham sexually abused them, and he failed to gather any physical evidence at all.  The court held that the officer did not act in bad faith, even though his conduct might have been "negligent or incomplete." The court emphasized that a plaintiff must make "specific, nonconclusory allegations" to support an inference that a defendant "engaged in 'a conscious effort to suppress exculpatory evidence.'" Id. at 812 (quoting California v. Trombetta, 467 U.S. 479, 488 (1984)).

Here, Hawkes contends that the evidence to which he refers was intended for use in three Wyoming cases, one civil and two

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

criminal.[4]  There are no allegations from which an inference could be drawn that anyone at Montana State Prison even knew of pending cases in Wyoming.  Even in connection with Hawkes's contemplated filing of a complaint against Anaconda-Deer Lodge County, there is no reason to believe that any of the persons involved intentionally destroyed his materials in order to prevent him from proceeding.

Hawkes's allegation that Nelson "acted as if he was trying to perpetrate some kind of cover-up" does not support an inference that Hawkes's property was intentionally destroyed for the purpose of suppressing evidence favorable to him.  Nelson is an investigator for the Department of Corrections, not for Hawkes.  Thus, he had no obligation to disclose the results of his investigation.

Other than the loss itself, Hawkes has not alleged any facts to support an inference that any of the defendants, identified or not, acted in bad faith.  Even with liberal construction, any due process claim for loss of evidence should be dismissed.

**C. Access to Courts**

To state a claim for violation of the right to access the courts, Hawkes must show that he suffered an actual injury, "such as the inability to meet a filing deadline or present a claim."

---

[4]  For these purposes, the Court will assume that the due process right extends to evidence in support of allegations in a civil case.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

Lewis v. Casey, 518 U.S. 343, 348 (1996).  It is possible that Hawkes may not prevail in a case due to lack of evidence, but that would not render him unable to get into court.  Consequently, he cannot state a claim for violation of his right to access the courts.

### D. Conclusion

Hawkes's pleading does not fairly allege a claim for violation of his civil rights.  The Court has considered whether he should be given the opportunity to amend his pleading.  It is clear from this complaint, however, that Hawkes has no information, beyond the fact that his property was lost, to suggest that his legal materials were deliberately destroyed in order to prevent him from presenting evidence in judicial proceedings.  He presented his claim quite clearly, and after a careful review of that claim, the Court concludes that if he had such information, he would have said so. The Complaint should be dismissed with prejudice for failure to state a claim.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

Hawkes's Complaint (doc. 1) should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted.  The docket should reflect that Hawkes's filing of this action counts as one strike, pursuant to 28 U.S.C. § 1915(g).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9

The Clerk of Court shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff. Plaintiff is advised that, pursuant to 28 U.S.C. § 636, any objections to these findings must be filed or delivered to prison authorities for mailing within twenty (20) calendar days[5] after the entry date reflected on the Notice of Electronic Filing, or objection is waived.

Plaintiff must immediately inform the Court of any change in his mailing address.

DATED this 15th day of November, 2006.


/s/ Carolyn S. Ostby
Carolyn S. Ostby
United States Magistrate Judge

---

[5] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in Houston v. Lack, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 10