FILED
MISSOULA, MT

2006 DEC 12  AM 11 32

PATRICK E. DUFFY
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| JOHN L. HAWKES, JR., ) | CV 06-21-H-DWM-CSO |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| SECURITY MAJOR TOM WOOD; DIRECTOR ) | |
| BILL SLAUGHTER; UNKNOWN DEFENDANTS ) | |
| 1 & 2; JASON NELSON; and UNKNOWN ) | |
| TRANSPORT OFFICERS 1 & 2, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Hawkes has filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights stemming from the destruction of his personal property and legal papers following his discharge from Montana State Prison in 2003. Hawkes' Complaint is construed to allege claims for deprivation of personal property without due process, deprivation of due process based on destruction of exculpatory evidence, and

deprivation of Hawkes' right to access to the courts.

United States Magistrate Judge Carolyn S. Ostby conducted preliminary screening of the Complaint as required by 28 U.S.C. § 1915(e)(2). Under that statute, the court engages in a preliminary screening to assess the merits of the claims and identify cognizable claims, or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted.

Judge Ostby issued Findings and Recommendations on November 15, 2006, in which she recommends dismissal of the Complaint with prejudice for failure to state a claim upon which relief can be granted. Plaintiff Hawkes did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

Judge Ostby explained that with regard to each of the potential causes of action contained in the Complaint, Hawkes is unable to allege facts in support of each element of the violation. The claim for deprivation of personal property without due process fails because Hawkes has not alleged the absence of an adequate post-deprivation remedy under state law. In fact, such a remedy is found in the Montana Tort Claims Act,

Mont. Code Ann. § 2-9-102. The claim for deprivation of due process based on destruction of exculpatory evidence fails because Hawkes has not alleged the requisite element of bad faith on the part of those responsible for the loss of his legal papers. With regard to denial of access to the Courts, Hawkes' § 1983 claim fails because he has not alleged an actual injury such as the inability to meet a filing deadline or to present a claim. Judge Ostby considered whether to grant Hawkes leave to amend his Complaint to cure the deficiencies and concluded, based on the facts alleged and the clarity of Hawkes' initial Complaint, that amendment would be futile.

I can find no clear error with Judge Ostby's Findings and Recommendations (Doc. No. 10) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the Complaint is DISMISSED WITH PREJUDICE for failure to state a claim.

IT IS FURTHER ORDERED that Plaintiff Hawkes' filing of this action constitutes a strike for purposes of 28 U.S.C. § 1915(g).

DATED this 12 day of December, 2006.

Donald M. Molloy, Chief Judge
United States District Court